UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| **RALPH FIGGS, individually and on behalf of all others similarly situated** § § § **Plaintiff,** § § **vs.** § § **KIRBY CORPORATION AND KIRBY INLAND MARINE, LP** § § § **Defendants.** | **Docket No. _____** **JURY TRIAL DEMANDED** **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### I.  SUMMARY

1. Kirby Corporation and Kirby Inland Marine, LP (hereinafter collectively, "Defendants" or "Kirby") failed to pay its vessel and/or boat tankermen overtime compensation as required by the Fair Labor Standards Act ("FLSA"). This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

### II.  JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the Fair Labor Standards Act ("FLSA").

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

### III.  THE PARTIES

4. Ralph Figgs ("Figgs" or "Plaintiff") worked for Defendants as a tankerman during the relevant statutory time period. His consent to be a party plaintiff has been attached hereto as Exhibit A.

5. The class of similarly situated employees ("Putative Class Members") consists of

**ALL INDIVIDUALS WHO WERE (A) EMPLOYED BY KIRBY AS A VESSEL AND/OR BOAT TANKERMAN WITHIN THE PAST THREE YEARS; AND (B) PAID A "DAY RATE" WITH NO OVERTIME COMPENSATION**

6. **Kirby Corporation** does business in Texas and throughout the Gulf Coast. Kirby Corporation may be served by serving its registered agent **CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201**.

7. **Kirby Inland Marine, LP** does business in Texas and throughout the Gulf Coast. Kirby Inland Marine, LP may be served by serving its registered agent **CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201**.

IV.   FACTS

8. Kirby employs hundreds of vessel and/or boat tankermen. These tankermen generally work 84 hours per workweek, but Kirby does not pay them overtime. Instead, Kirby classifies tankermen as exempt from the overtime requirements of the FLSA under the "seaman" exemption. Tankermen however, do not qualify for the FLSA's seaman exemption. A tankerman's primary job duties are related to the loading, unloading and handling of liquid cargo from Kirby's vessels. The controlling law makes it clear this is *non*-seaman's work. Maritime employees who spend more than 20% of their time performing such duties are not *FLSA* "seamen" – and are thus not exempt. Therefore, Kirby owes back overtime wages to hundreds of its tankermen, all of whom work long hours each workweek.

V.   FLSA VIOLATIONS

9. During the relevant time period, Defendants have violated, and are violating, the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for

commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than one and one-half the regular rates for which they were employed.

10. Defendants knowingly, willfully or in reckless disregard carried out its illegal pattern or practice of failing to pay Plaintiff and all those similarly situated overtime compensation. The decision by Defendants not to properly pay overtime compensation to its hourly employees was neither reasonable, nor in good faith. Accordingly, Plaintiff and all those who are similarly situated are entitled to overtime wages under the FLSA in an amount equal to one and one-half times their rate of pay, plus liquidated damages, attorney's fees and costs.

## VI.   COLLECTIVE ACTION ALLEGATIONS

11. Numerous employees have been victimized by this pattern, practice and policy which are in willful violation of the FLSA. Many of these employees have worked with Plaintiff and have reported that they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA. Thus, from his observations and discussions with these employees, Plaintiff is aware that the illegal practices or policies of Defendants have been imposed on the Putative Class Members.

12. The Putative Class Members are all salaried employees who regularly worked in excess of 40 hours per week. These employees are victims of Defendants unlawful compensation practices and are similarly situated to Plaintiff in terms of job duties, pay provisions and employment practices.

13. Defendants failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable, systematic policy and practice and which is not

dependent on the personal circumstances of the Putative Class Members. Thus, Plaintiff's experiences are typical of the experiences of the Putative Class Members.

14. The specific job titles or precise job requirements of the various Putative Class Members does not prevent collective treatment. All of the Putative Class Members, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

### VII.   RELIEF SOUGHT

15. WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

   a. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs;

   b. For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

   c. For an Order awarding Plaintiff (and those who have joined in the suit) their attorneys' fees;

   d. For an Order awarding Plaintiff unpaid benefits and compensation in connection with the FLSA violations;

   e. For an Order awarding Plaintiff (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

  f.  For an Order granting such other and further relief as may be necessary and appropriate.

    Respectfully submitted,

    By: /s/ Michael A. Josephson
      Michael A. Josephson
      Fed. Id. 27157
      State Bar No. 24014780
      FIBICH, HAMPTON, LEEBRON,
       BRIGGS & JOSEPHSON, L.L.P.
      1150 Bissonnet
      Houston, Texas 77005
      713-751-0025 – Telephone
      713-751-0030 – Facsimile
      mjosephson@fhl-law.com

    **AND**

      Richard J. (Rex) Burch
      Texas Bar No. 24001807
      S.D. Tex. No. 21615
      **BRUCKNER BURCH**, P.L.L.C.
      1415 Louisiana St., Suite 2125
      Houston, Texas 77002
      713-877-8788 – Telephone
      713-877-8065 – Facsimile
      rburch@brucknerburch.com

    **ATTORNEYS IN CHARGE FOR PLAINTIFF**